UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE E. GRIMALDI,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>CALIFORNIA CORRECTIONAL INST.,<br><br>　　　　Respondent. | NO. CV 14-3729-JVS (AGR)<br><br>ORDER TO SHOW CAUSE |

　　　　On May 14, 2014, Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254.  For the reasons discussed below, it appears that the one-year statute of limitations has expired and Petitioner has failed to exhaust his administrative remedies.

　　　　The court, therefore, orders Petitioner to show cause, on or before **June 23, 2014**, why this court should not recommend dismissal of the petition based on expiration of the one-year statute of limitations and failure to exhaust administrative remedies.

# I.

## PROCEDURAL BACKGROUND

In November 2010, a Los Angeles County jury convicted Petitioner of kidnapping during a carjacking, kidnapping to commit another crime, first degree ATM robbery, and second degree robbery. (Petition at 1-2.); *see People v. Melendez*, Case No. B237732, 2013 WL 541859 *2 (Cal. Ct. App. 2013).[1] In December 2010, Petitioner was sentenced to two life term sentences. (*Id.* at 1) On February 14, 2013, the California Court of Appeal affirmed the judgment, modified the sentence, and struck some of the convictions. (*Id.* at 2.) Petitioner did not file a petition for review in the California Supreme Court. (*Id.*)

Petitioner did not file any habeas petitions in California. (*Id.* at 3.)[2]

On May 8, 2014, Petitioner constructively filed the instant petition in Spanish in this court in which he raises one ground. (Petition at 5 & Proof of Service.)[3]

# II.

## STATUTE OF LIMITATIONS

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

---

[1] Petitioner was known to the California courts as Grimaldi Melendez. *See Melendez*, 2013 WL 541859; *see also* Petition at 2 identifying the case number and date of decision of Petitioner's direct appeal.

[2] The court also reviewed the California Appellate Courts' online docket under the names Grimaldi and Melendez and did not find any filings in the California Supreme Court. The only filing was in the Second District of the California Court of Appeal on direct review.

[3] Petitioner states that he cannot read Spanish and English. (Petition at 5.) He also says he cannot write in English. (*Id.* at 12.) However, the form petition's questions are in English, and Petitioner answered them, apparently correctly. Therefore, it appears Petitioner has some proficiency in the English language.

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D).

### A. The Date on Which Conviction Became Final – § 2244(d)(1)(A)

The Court of Appeal affirmed Petitioner's conviction on February 14, 2013. Because Petitioner did not file a petition for review with the California Supreme Court, his conviction became final 40 days later on March 26, 2013. *See Gaston v. Palmer*, 417 F.3d 1030, 1033 (9th Cir. 2005). The statute of limitation expired on March 26, 2014. Petitioner's constructive filing here was about six weeks late.

Absent tolling, the petition is time-barred.

#### 1. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Petitioner did not file any habeas petitions in California. (Petition at 3.)[4]

#### 2. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)). "The diligence required for equitable tolling purposes is "reasonable

---

[4] Using the names Grimaldi Melendez and Jose Grimaldi, the court searched the California Appellate Courts online docket. The court found no cases filed by Petitioner in any California appellate court other than the one already noted in the California Court of Appeal on direct review.

3

diligence," not "maximum feasible diligence." *Id.* at 2565 (citations and quotation marks omitted). The extraordinary circumstances must have been the cause of an untimely filing. *Pace*, 544 U.S. at 418. "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" were the *cause* of [the prisoner's] untimeliness.'" *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphasis in original).

There is no indication in the petition that Petitioner is entitled to equitable tolling.

### B.    Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

In the context of an ineffective assistance claim, the statute of limitations may start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim that his counsel's performance was deficient, or on the date a petitioner discovered (or could have discovered) the factual predicate for prejudice, whichever is later. *See Hasan v. Galaza*, 254 F.3d 1150, 1155 (9th Cir. 2001). Therefore, the statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute starts to run when the petitioner knows or through diligence could discover the important facts, not when the petitioner recognizes their legal significance. *Hasan*, 254 F.3d at 1154 n.3.

Petitioner alleges his trial and appellate counsel were ineffective because they failed to investigate his case to demonstrate that he was unjustly arrested, the charges were erroneous, and he was innocent. More specifically, a

photograph was presented that identified Petitioner as the perpetrator, but the person in the photograph was not Petitioner. (Petition at 5.)[5]

Petitioner was aware of the factual predicates of his claims of ineffective assistance of counsel at the latest when his appellate counsel filed the opening brief. Accordingly, the date of discovery does not assist Petitioner.

### C. Actual Innocence

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass . . . the impediment . . . of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019 (2013). "[T]enable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo,* 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) and citing *House v. Bell*, 547 U.S. 518, 538, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006) (emphasizing that the *Schlup* standard is 'demanding' and seldom met)).

To satisfy the standard, a petitioner must present "'new reliable evidence.'" *House*, 547 U.S. at 537. Based on all the evidence, both old and new, "the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id.* at 538 (citation omitted). "The court's function is not to make an independent factual determination about what likely occurred, but rather to assess the likely impact of the evidence on reasonable jurors." *Id.*

Petitioner appears to make a claim of actual innocence ("I am innocent") and his perfunctory claim about the photograph. (Petition at 5, 15.)

Petitioner does not meet the "stringent showing" required by actual innocence.

---

[5] There is no mention of photographs of the defendants in the California Court of Appeal's decision. *See generally Melendez*, 2013 WL 541859.

## III.

## EXHAUSTION

The AEDPA provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). Petitioner bears the burden of demonstrating that he described to the California Supreme Court both the operative facts and the federal legal theory on which his claim is based. *Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

Based on the petition and on the court's review of the state court's online dockets, Petitioner has never presented any grounds for relief to the California Supreme Court. Thus, the petition appears to be completely unexhausted and is subject to dismissal without prejudice on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

## IV.

## ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before ***June 23, 2014***, Petitioner shall show cause why the court should not recommend dismissal of the petition

based on expiration of the one-year statute of limitations and failure to exhaust administrative remedies.

**If Petitioner fails to respond to the order to show cause in a timely fashion, the petition is subject to dismissal.**

DATED:  May 23, 2014

_____
ALICIA G. ROSENBERG
United States Magistrate Judge